UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CRIMINAL ACTION NO. 6:13-cr-1-GFVT-EBA-5
(Related Civil Action No. 6:16-cv-244-GFVT-EBA)

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.                          **MAGISTRATE JUDGE'S**
                      **REPORT AND RECOMMENDATION**

GARY COOPER,                                                                 DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

## INTRODUCTION

On July 21, 2014, the Court entered judgment against Gary Cooper following his guilty plea to conspiracy to distribute Oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846, and sentenced him to 168 months imprisonment followed by 6 years of supervised release. [R. 283]. On February 29, 2016, Cooper's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 782 was granted, and his sentence was reduced to 134 months imprisonment. [R. 333].

On October 27, 2016, Cooper filed the present 28 U.S.C. § 2255 Motion to Vacate, [R. 335], claiming he is entitled to an additional sentence reduction under Amendment 794 of the United States Sentencing Guidelines (effective November 1, 2015), which addressed the mitigating role adjustment of U.S.S.G. § 3B1.2[1]. Specifically, Cooper argues he "should receive the benefit of the newly amended 3B1.2 because his role was minor and it's a clarifying

---

[1] § 3B1.2 provides adjustments of 2, 3, or 4 levels for a defendant who is "substantially less culpable than the average participant," and because circuits were split as to how to properly define or identify the "average participant," Amendment 794 revised the commentary to specify that the defendant's culpability is to be compared with "the average participant *in the criminal activity*," clarifying § 3B1.2's application and broadening applicability.

1

amendment that's retroactive." [R. 335 at 4]. He contends he was a "minimal participant in the conspiracy," and is "thus entitled to a four-level reduction, because he played only a 'negligible,' and 'passive' role in the conspiracy compared to the respective roles of his co-conspirators." [R. 335-1 at 2–3]. Cooper adds he "was not aware of the true scope and intricate details of the conspiracy," and "unlike his co-conspirators who organized and participated in furthering the conspiracy, he instead merely bought and sold pills" and "had a much lower pill count than did his co-conspirators (three sales which totaled less than 21 pills)." [Id.].

Although styled as a § 2255 motion, the substance of Cooper's filing is a request for resentencing. Therefore, 18 U.S.C. § 3582(c)(2), which governs sentence reduction requests, is the correct mechanism by which to pursue a sentence reduction under an amendment to the Sentencing Guidelines. The undersigned RECOMMENDS that the District Judge re-characterize the motion and address the merits of his resentencing request, and because Cooper seeks relief under a Guideline Amendment (No. 794) inapplicable to him, the undersigned further RECOMMENDS that the District Court DENY resentencing.

## ANALYSIS

Defendant exclusively relies on Amendment 794 in requesting resentencing due to his allegedly minor role in the underlying drug conspiracy. [R. 335-1 at 3]. However, a motion under 18 U.S.C. § 3582(c)(2), rather than 28 U.S.C. § 2255, is the correct mechanism by which to pursue sentence reductions under amendments to the Sentencing Guidelines. See U.S.S.G. § 1B1.10(a)(1); United States v. Gillispie, No. 5:12-CR-29-JMH-REW, 2016 WL 5402781, at *1 (E.D. Ky. Aug. 26, 2016), report and recommendation adopted, No. 5:12-CR-29-JMH-REW, 2016 WL 5419432 (E.D. Ky. Sept. 26, 2016); Newby v. United States, Nos. 4:07-CR-51-FL-1, 4:12-CV-42-FL, 2013 WL 7098720, at *5 (E.D.N.C. Mar. 19, 2013) ("[A] motion pursuant to 18

U.S.C. § 3582(c) is the appropriate motion to be made for a sentence reduction based on a Guideline amendment, not a motion to vacate under 28 U.S.C. § 2255.") (citation, internal quotation marks, and alterations omitted); United States v. Jones, 143 F. App'x 527, 527 (4th Cir. 2005) ("A motion under § 3582(c)(2) is a post-conviction remedy for an improperly computed sentence that is separate and distinct from a § 2255 motion."). To adjudicate the motion fairly and efficiently, the District Court should treat the § 2255 motion as a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). See United States v. McDonald, 326 F. App'x 880, 882 (6th Cir. 2009) (permits liberal construction of "post-judgment filings of *pro se* criminal defendants for efficiency's sake and out of a sense of fairness to *pro se* petitioners") (citation and internal quotation marks omitted); see also United States v. Porter, 335 F. App'x 408, 409 (5th Cir. 2009) (affirming district court's construction of movant's § 2255 motion as in "essence" a § 3582(c)(2) motion "[b]ecause [movant] claimed that his sentence should be reduced based on amendments to the Sentencing Guidelines").

Having so construed Defendant's filing to be a resentencing request under an amendment to the Guidelines, namely Amendment 794, the motion to reduce sentence should be denied. Amendment 794 modified the commentary to the mitigating role adjustment provisions of U.S.S.G. § 3B1.2, but regardless of how the amendment might have applied to the merits of Cooper's minor role reduction claims, relief under the amendment is not available here. The Sixth Circuit has established:

> The language of § 1B1.10(b)(1) is clear: if an amendment is not listed in § 1B1.10(c), it cannot be applied in a § 3582(c)(2) resentencing proceeding. Amendment 709, which Goodloe contends applies to make his three prior offenses properly scored as one, is not listed in subsection § 1B1.10(c) and thus cannot properly be applied on resentencing.

United States v. Goodloe, 388 F. App'x 500, 506 (6th Cir. 2010). Because § 1B1.10 does not

3

enumerate Amendment 794, "[it] thus cannot properly be applied on resentencing." Goodloe, 388 F. App'x at 506; see also United States v. Watkins, No. 15-6205, 2016 WL 3924240, at *1 (6th Cir. July 21, 2016) ("If no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range,' then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2)."). Where § 3582(c)(2) forecloses the requested relief, the Court should deny resentencing.

## RECOMMENDATION

Having considered the matter fully, and being otherwise sufficiently advised, the Court HEREBY RECOMMENDS that Defendant Gary Cooper's 28 U.S.C. § 2255 Petition to Vacate, Set Aside, or Correct Sentence [R. 335], construed as a motion for resentencing under 18 U.S.C. § 3582, be DENIED.

The Court directs Cooper to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. See also Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 8(b). Within fourteen days after being served with a copy of this decision, Cooper may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. See Thomas v. Arn, 106 S. Ct. 466 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

To the extent required, this Recommended Disposition gives Cooper explicit prior notice of the recommendation to re-characterize the motion and deny resentencing on the merits. Cf. Shelton v. United States, 800 F.3d 292, 294-96 (6th Cir. 2015) (discussing Rule 4(b) dismissal

on timeliness grounds and stating: "Not only is a notice requirement compatible with the rule, it also promotes accuracy at the screening stage[.] . . . A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention[.]"); Persinger v. Warden, No. 2:15-cv-2653, 2015 WL 5385005, *3 (S.D. Ohio Sept. 14, 2015) (providing express notice of right to object to recommended summary dismissal of § 2254 petition on timeliness grounds to comply with notice requirement outlined in Shelton). If Cooper has arguments to make in opposition to re-characterization and denial, she must properly object and present those arguments to the District Judge.

    Signed November 28, 2016.

Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge