UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff/Respondent, | ) | Crim. No.: 6:13-cr-0001-GFVT-EBA-5 |
| | ) | Related Civil No.: 6:16-cv-0244-GFVT |
| V. | ) | |
| | ) | |
| GARY COOPER, | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| Defendant/Petitioner. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by Magistrate Judge Edward B. Atkins. [R. 344.] The Defendant, Gary Cooper has filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [R. 335.] Consistent with local practice, Judge Atkins reviewed the motion and ultimately recommends that the Court deny Defendant Cooper's motion in its entirety.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Recommended Disposition or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection must "explain and cite specific portions of the report which [defendant] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal quotations and citations omitted). A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and

wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Defendant Cooper filed timely objections on December 9, 2016. [R. 346.] The Court acknowledges its duty to review Mr. Cooper's filings under a more lenient standard than the one applied to attorneys because Mr. Cooper is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Under this more lenient standard, Mr. Cooper's objections are sufficiently definite to trigger the Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Cooper's objections will be **OVERRULED**.

# I

Judge Atkins's Recommended Disposition accurately sets forth the factual and procedural background of the case. The Court mentions only key facts to frame its discussion and analysis and incorporates Judge Atkins's discussion of the record in this Order.

In July of 2013, Mr. Gary Cooper was indicted for conspiracy to distribute oxycodone and several counts of distribution of pills containing oxycodone. [R. 56.] Six months later, Mr. Cooper entered a guilty plea to the conspiracy charge, and the Government agreed to dismiss the counts of distribution. [R. 190; R. 193.] On July 17, 2014, he was sentenced to 168 months of imprisonment, which he did not appeal. [R. 283.] In February, he filed a motion to reduce his sentence pursuant to United States Sentencing Guidelines Amendment 782 [R. 327], which the Court granted and reduced his sentence to 134 months imprisonment [R. 333].

**II**

Mr. Cooper filed a motion for § 2255 relief on October 27, 2016. [R. 335.] However, as Judge Atkins notes, this motion is actually a second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Mr. Cooper is, in fact, requesting a reduction of his sentence pursuant to U.S.S.G. Amendment 794. He claims the Court should have considered a minor role reduction pursuant to Amendment 794 at sentencing. Amendment 794 became effective on November 1, 2015, but it is not listed in U.S.S.G. § 1B1.10(b)(1) as an amendment that can be retroactively applied at resentencing. Only amendments listed in § 1B1.10(b)(1) can be applied in a § 3582(c)(2) proceeding. *United States v. Goodloe*, 388 F. App'x 500, 506 (6th Cir. 2010). Judge Atkins, therefore, found that § 3582(c)(2) provides him no relief.

In his objections, Mr. Cooper contends that 28 U.S.C. § 2255 is the proper vehicle for his claim, and that Judge Atkins was wrong to recharacterize it as a motion under § 3582. However, a petition under § 2255 provides Mr. Cooper no avenue to challenge his sentence in this manner. The Court can vacate a sentence pursuant to § 2255 if that sentence was in violation of the Constitution or federal law, if the Court had no jurisdiction to impose the sentence, or if the sentence exceeded the maximum penalty authorized by law. Only 18 U.S.C. § 3582(c)(2) allows for relief after a subsequent reduction in the United States Sentencing Guidelines. Accordingly, Mr. Cooper's objections must be overruled.

**III**

After reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Atkins's thorough analysis of Mr. Gary Cooper's claims. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant/Movant Gary Cooper's Motion to Vacate under § 2255 [**R. 335**] is **CONSTRUED** as a Motion for Resentencing under § 3582;

2. Defendant Gary Cooper's Objections to the Recommended Disposition [**R. 346**] are **OVERRULED**;

3. The Magistrate Judge's Recommended Disposition [**R. 344**] is **ADOPTED** as and for the Opinion of this Court; and

4. The Defendant's Construed Motion for Resentencing under § 3582 [**R. 335**] is **DENIED**.

This the 10th day of September, 2018.

Gregory F. Van Tatenhove
United States District Judge