UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Crim. No. 6:13-cr-00001-HAI-5 |
| ) | |
| v. ) | |
| ) | **ORDER** |
| GARY COOPER, ) | |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly Ingram.  [R. 396.]  In 2014, the Court sentenced Defendant Gary Cooper to 168 months of imprisonment followed by six years of supervised release after he pled guilty to conspiracy to distribute oxycodone.  *Id.*  The United States Probation Office charges Mr. Cooper with two Grade C, one Grade B, and one Grade A violations of his supervised release conditions.  *Id.* at 2–3.  The United States ultimately dismissed three violations.  *Id.* at 4.

The remaining Grade A violation stems from violations of state law for which Mr. Cooper was charged with trafficking methamphetamine, fleeing police, and carrying a concealed weapon.  *Id.* at 3.  Judge Ingram recommends a sentence of 33-months' incarceration followed by two years of supervised release based on the similarity of the violation to his underlying offense, his criminal history, and his breach of the Court's trust after receiving clemency for previously alleged supervised release violations.  *Id.* at 8–9.

Mr. Cooper appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1.  [R. 392.]  During the hearing, Mr. Cooper competently, knowingly, voluntarily, and intelligently waived his rights to a preliminary hearing.  *Id.*  On

March 21, 2023, Mr. Cooper appeared before Judge Ingram for his final hearing. [R. 395.] As Judge Ingram found, Mr. Cooper "competently, knowingly, voluntarily, and intelligently" stipulated to the Grade A violation. *Id.*

After hearing the parties' arguments, Judge Ingram issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 396.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 9; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation. Moreover, Mr. Cooper waived his right to allocution. [R. 397.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 396]** is **ADOPTED** as and for the Opinion of the Court;

2

2. On the Government's motion, Violations #1, #2, and #3 are **DISMISSED**;

3. Mr. Cooper is found **GUILTY** of Charge One of violation IV, first-degree trafficking in a controlled substance;

4. Mr. Cooper's supervised release is **REVOKED**;

5. Mr. Cooper is **SENTENCED** to a term of incarceration of thirty-three (33) months, followed by two (2) years of supervised release; and

6. Judgment shall enter promptly.

This the 17th day of April 2023.

Gregory F. Van Tatenhove
United States District Judge